UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

AMBER C. LONG,                          )
                                        )
            Plaintiff,                  )
                                        )
        v.                              )    Case No. 2:04 CV 298
                                        )
                                        )
COPART OF CONNECTICUT, INC.,            )
d/b/a COPART AUTO AUCTIONS,             )
                                        )
            Defendant                   )

OPINION AND ORDER

This matter is before the court on the Motion to Strike
Expert Designations and Exclude Undisclosed Evidence of Claimed
Damages filed by the defendant, Copart of Connecticut ("Copart"),
on March 15, 2005.  For the reasons set forth below, this motion
is **GRANTED IN PART** and **DENIED IN PART**.

Background

This discovery dispute centers around Copart's efforts to
obtain a computation of damages from the plaintiff, Amber Long.
On December 27, 2004, Copart attempted to discover the damages
claimed by Long through an Interrogatory requesting a statement
of the nature, amount, and manner of computation for each element
of damages. Copart objected to this interrogatory on the grounds
that it was overbroad and unduly burdensome and that it required
the disclosure of privileged information. On January 20, 2005,
Long served her initial disclosures, in which she stated that she
had no computation of damages at that time.  On February 7, 2005,
Long produced documents in response to Copart's Requests for
Production. These documents included Long's income tax returns,

social security statements, 401(k) statements, and other finan-
cial data.  However, Long did not compute her damages.

On March 15, 2005, Copart filed this motion to strike the
evidence of damages because Long had not produced the requested
information.  Subsequently, on March 30, 2005, Long filed a
supplemental response to Copart's Interrogatory, in which she
stated:

> I suffered lost wages for the period of time
> that I was out of work following my termina-
> tion.  I also suffered damages in having to
> take a lower paying job after I was termi-
> nated.  I went from earning $668.00 per week
> at Copart to earning $6.25 per hour working
> part-time at Stateline Pizza.  I was able to
> obtain a job at PDK in April 2004 for $7.50
> per hour, less than half of what I was previ-
> ously earning at Copart. As a result of lost
> wages I fell behind in my mortgage and other
> bills.  I had to make a withdrawal from my
> 401K of $3,282.31 and I borrowed $4,000 from
> my parents to get my mortgage out of arrears.
> As a result of the financial difficulties, I
> suffered stress and emotional damage.

> Supp. Resp. To Def. Interrog. No. 7

Once again, Long did not provide a computation of her damages.
In addition, Long failed to provide an expert report, despite
naming a damages expert in her disclosures.  However, Long states
that she will not be using her damages expert at trial, so the
court finds that portion of Copart's motion to strike moot and
will not discuss it further.

<u>Discussion</u>

Federal Rule of Civil Procedure 26 states that within 14
days of the Rule 26(f) conference, a party shall disclose "a

<u>computation</u> of any category of damages claimed by the disclosing party," and provide the data on which that computation is based. (emphasis added). This computation is considered an "initial disclosure" under Rule 26(a)(1), the primary purpose of which "is to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information." ***Crouse Cartage Company v. National Warehouse Investment Company***, No. IP02-071CTK, 2003 WL 23142182, at *1 (S.D. Ind. Jan. 13, 2003).  Thus, "the rule should be applied in a manner to achieve those objectives." ***Crouse***, 2003 WL 23142182, at *1.

It is not the responsibility of Copart to sift through the financial data provided by Long and divine the categories and sums of damages she seeks, particularly when Long bears the burden of proof on damages at trial. Thus, Long does not comply with Rule 26 merely by providing a host of financial documents. Rather, she must provide a <u>computation</u> synthesizing these documents in a timely manner so that the defendant has the opportunity to conduct discovery on that point. Furthermore, the court notes that Long has no basis for claiming that an interrogatory requesting such a computation is overbroad, unduly burdensome, or protected by privilege.  Such an interrogatory merely requests an accounting on an element Long must prove.

However, Copart requests too harsh a sanction in seeking to strike all undisclosed evidence of damages from trial, as well as attorneys' fees, under Federal Rule of Civil Procedure 37(c).

This discovery dispute is the first to necessitate court action. Although Copart has had difficulty obtaining a computation from Long since January 2005, Copart has not filed any motions to compel prior to this motion to strike.  Therefore, the court will give Long one final opportunity to produce a computation pursuant to Rule 26(a)(1)(C) before imposing more severe sanctions.

————————————

For the foregoing reasons, the Motion to Strike Expert Designations and Exclude Undisclosed Evidence of Claimed Damages filed by the defendant, Copart of Connecticut, on March 15, 2005 is **GRANTED IN PART** and **DENIED IN PART**. The plaintiff is **ORDERED** to provide the defendant with a complete computation of damages no later than May 6, 2005. **NO EXTENSIONS OF TIME** will be granted. This computation **SHALL** include (1) a description of each category of damages claimed, (2) the amount of damages sought per category, and (3) an explanation of how the plaintiff arrived at the computation of damages for each category. The plaintiff is further **WARNED** that failure to comply with this Order will result all evidence of damages being stricken.

ENTERED this 25th day of April, 2005

s/ ANDREW P. RODOVICH
United States Magistrate Judge

4